```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
THE WINGATES, LLC, and MATRIX
REALTY GROUP, INC.

                    Plaintiffs,              MEMORANDUM OF
                                             DECISION AND ORDER
          -against-                          12-CV-3880 (ADS)(ARL)

COMMONWEALTH INSURANCE
COMPANY OF AMERICA,

                    Defendant.
----------------------------------------------------------X
```

**APPEARANCES:**

**Gerard J. McCreight, Esq.**
*Attorney for the Plaintiffs*
732 Smithtown Bypass
Suite 200
Smithtown, NY 11787

**Rivkin Radler, LLP**
*Attorneys for the Defendant*
926 RXR Plaza
Uniondale, NY 11556-0111
    By: Michael A. Troisi, Esq.,
        Sean F. McAloon, Esq., Of Counsel

**Fisher Kanaris PC**
*Attorneys for the Defendant*
200 South Wacker Drive
22nd Floor
Chicago, IL 60606
    By: Jefferson D. Patten, Esq., Of Counsel

**SPATT, District Judge**.

The Plaintiffs commenced this action in New York State Supreme Court as a result of an insurance coverage dispute with the Defendant. The action was thereafter removed to this Court by the Defendant. Presently before the Court is a motion by the Plaintiffs to stay and remand this action to state court. For the reasons set forth below, the motion is denied.

1

## I. BACKGROUND

The Defendant Commonwealth Insurance Company of America ("Commonwealth" or "the Defendant") is an insurance company that is licensed and registered to do business in New York State. The Plaintiffs The Wingates, LLC ("Wingates") and Matrix Realty Group, Inc. ("Matrix") are the owners of certain real property in Columbus, Ohio. Commonwealth issued an insurance policy to Matrix in connection with this real property with effective dates of June 23, 2011 through June 23, 2012 (the "Policy"). The Policy insured against various losses at the relevant property, including those caused by fire.

On November 10, 2011, two apartment buildings owned by the Plaintiffs in Ohio incurred physical damage due to a fire. Matrix notified Commonwealth regarding the loss in a prompt manner. Commonwealth then initiated an investigation into the loss. According to the Defendant, certain requested materials were never provided by Matrix that were pertinent to its determination of coverage under the policy and the valuation of the loss. The Plaintiffs now claim that the Defendant failed to pay the deserved insurance proceeds. On the other hand, the Defendant claims that no final coverage determination was ever made.

On July 5, 2012, the Plaintiffs commenced an action in the Supreme Court in Suffolk County as a result of this insurance dispute, asserting claims based on New York State common law. On August 6, 2012, the Defendants served and filed a notice of removal to this Court. On August 10, 2012, the Defendant filed an Answer with certain affirmative defenses. On September 5, 2012, the Plaintiffs filed a motion to stay and remand to state court pursuant to 28 U.S.C. § 1447(c).

## II. DISCUSSION

### A. Legal Standard

As set forth above, the Plaintiffs move to have this action remanded to the New York State Supreme Court, Suffolk County, pursuant to 28 U.S.C. § 1447(c), which provides, in relevant part, as follows:

> A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

This unambiguous language is directed toward "defects in the removal procedure." 1A J. Moore, B. Ringle, and J. Wicker, Moore's Federal Practice ¶ 0.157[1.-4] at 45. Such defects may include the improper removal of an action which does not fit one of the categories described in 28 U.S.C. § 1441 or one of the other removal sections, and hence the lack of federal jurisdiction, or, the defects may relate to the statutory procedure for the removal itself under sections 1446 and 1447.

### B. As to Whether Remand is Proper

In light of the Plaintiffs' request for this Court to remand the action to state court, the Defendant argues that this case was properly removed to federal court, because the Court has original jurisdiction pursuant to 28 U.S.C. § 1332.

Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." It is well-settled that, for diversity jurisdiction purposes, a corporation is a citizen of the state where it is incorporated and of the state where it has its principal place of business. See Wachovia Bank v. Schmidt, 546 U.S. 303, 306, 126 S. Ct. 941, 163 L. Ed. 2d 797 (2006) (citing 28 U.S.C. 1332(c)(1)). It is undisputed that Wingates is a limited liability company formed under the laws of the District of

Columbia; that Matrix is a New York corporation headquartered in New York; and that Commonwealth is a Washington corporation headquartered in Seattle, Washington. Thus, diversity is proper. In addition, there is no dispute that the matter is controversy is believed to be more than $3,000,000, which far exceeds the $75,000 jurisdictional requirement.

Indeed, the Plaintiffs do not attempt to argue that complete diversity is absent; that the Court lacks original jurisdiction; or that removal was inappropriate. Instead, the Plaintiffs merely argue that the Court should remand this case back to state court because it should abstain from exercising jurisdiction over this case in its discretion. However, the Plaintiffs fail to identify a particular abstention doctrine that the Court should be guided by if it were to grant a remand. They vaguely cite to New York's interest in regulating insurance disputes, and also point out that they are merely asserting state law claims. However, the Plaintiffs do not cite to any precedent for the theory that a federal court should abstain from exercising jurisdiction merely because a matter involves issues of state law and concern insurance coverage disputes. See Conners v. Tupperware Worldwide, Inc., 2002 WL 31663508, at *1 (W.D.N.Y. Oct. 15, 2002) (declining to remand a case to state court when there was proper diversity jurisdiction even though the complaint alleged purely state law causes of action).

As the Defendant points out, there is no basis for arguing that remand is proper. As stated in Begley v. Macho Bay Camps, Inc., 850 F. Supp. 172, 175 (E.D.N.Y. 1994), "a motion to remand a case to state court may only be made on the basis of a defect in removal procedure or a lack of subject matter jurisdiction. [The] Plaintiff has not asserted either ground. [It] does not state that diversity is lacking." See Allstate Ins. Co. v. Longwell, 735 F. Supp. 1187, 1191 (S.D.N.Y. 1990).

Even if this Court were to interpret the Plaintiffs' arguments as urging for the application of the Burford abstention doctrine, see Burford v. Sun Oil Co., 319 U.S. 315, 63 S. Ct. 1098, 87 L. Ed. 1424 (1943), "the question before this court is not 'novel' nor does it involve, as [the Plaintiffs] assert[], a specialized regulatory scheme. Rather, [the Court is] called upon to interpret an insurance policy in accordance with basic contract principles." Id.

Therefore, the Plaintiffs' motion to remand to state court pursuant to 28 U.S.C. § 1447(c) is denied.

### III. CONCLUSION

For the foregoing reasons, it is hereby:

**ORDERED**, that the Plaintiffs' motion to remand this action to state court pursuant to 28 U.S.C. § 1447(c) is denied.

**SO ORDERED.**
Dated: Central Islip, New York
April 4, 2013

>     ____/s/ Arthur D. Spatt_____
>        ARTHUR D. SPATT
>     United States District Judge